# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50167
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2015

Lyle W. Cayce
Clerk

Cons. w/ No. 15-50173

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN ANTONIO MORENO-PADILLA,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-2085-1
USDC No. 3:15-CR-135-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Moreno-Padilla challenges the substantive reasonableness of his within-Guidelines sentences for illegal reentry after removal, in violation of 8 U.S.C. § 1326, and for the related revocation of his prior term of supervised release. In contending the combined 58-month sentence was greater than

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

necessary to meet the goals of 18 U.S.C. § 3553(a), Moreno maintains the presumption of reasonableness should not apply because the sentencing ranges:   lacked an empirical basis; double-counted his criminal history; overstated the seriousness of his illegal reentry (which he asserts was, fundamentally, only a non-violent, international trespass); and failed to reflect his personal history and characteristics.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection, as in this instance, to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007).   In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).  As noted, Moreno contests only the substantive reasonableness of his sentences; he does not claim procedural error.

As for Moreno's 46-month sentence imposed for his illegal reentry, it was within the advisory-Guideline range (at the low end after a 12-level enhancement for a prior crime-of-violence conviction). Therefore, it is presumptively reasonable.  *E.g., United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

First, the presumption of reasonableness is not overcome simply because the advisory Guideline is not empirically based; Moreno concedes this issue is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009). Sentencing is traditionally left "to the discretion of district courts, [which are] close to the ground and more cognizant of the details of offender and offense".

*Id.* at 530–31.  Additionally, Moreno's contentions that double-counting prior convictions necessarily renders a sentence unreasonable, and that the Guidelines overstate the seriousness of illegal reentry, are also foreclosed.  *See id.* at 529–30; *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  (He presents these three foreclosed issues only to preserve them for possible future review.)  And, the benign motive Moreno provided for returning to the United States, to visit his terminally ill mother, is insufficient to rebut the presumption.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).  The court considered, but rejected, Moreno's attempt to minimize the seriousness of his illegal reentry.  Finally, Moreno does not demonstrate the court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Moreno also fails to show that his 24-month revocation sentence, of which 12 months are to be served concurrently with his illegal-reentry sentence, was substantively unreasonable.  (Because there is no substantive unreasonableness, we need not reach whether Moreno's revocation was "plainly unreasonable" under 18 U.S.C. § 3742(a).  *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  Nor does Moreno make that claim.)

Moreover, the court acted within its discretion in ordering the sentences to be served, in part, consecutively.  *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009); *see also* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f) & cmt. n.4.  In addition, Moreno's sentence fell within the advisory-sentencing range, and was consistent with the Guidelines' policy on consecutive sentences; therefore, it also is entitled to a presumption of reasonableness.  *See United States v. Candia*, 454 F.3d 468, 472–73 (5th Cir. 2006).  Moreno "makes no independent argument" concerning his revocation sentence.  *United States v.*

No. 15-50167
c/w No. 15-50173

*Lopez*, 526 F.3d 804, 808–09 (5th Cir. 2008).  For the above-discussed reasons, he fails to show the court abused its discretion by imposing the in-part consecutive sentence, and to rebut the presumption of reasonableness.  *See id.*

AFFIRMED.